THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MIYA CLARK,<br><br>        **Plaintiff,**<br><br>v.<br><br>**HOUSING CONNECT; JEFFERSON SCHOOL APARTMENTS; HOUSING AUTHORITY OF SALT LAKE CITY; and REAL PROPERTY MANAGEMENT,**<br><br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT AND DENYING MOTION TO RECONSIDER**<br><br><br>**Case No. 2:23-cv-00773-HCN-JCB**<br><br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are (1) pro se Plaintiff Miya Clark's ("Ms. Clark") complaint[2] and (2) Ms. Clark's motion to reconsider the court's order denying Ms. Clark's motion to appoint counsel.[3] Ms. Clark has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[4] Accordingly, the court reviews the sufficiency of Ms. Clark's complaint under the IFP Statute. For the reasons explained below, the court (1) orders Ms. Clark to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by December 27, 2023 and (2) denies Ms. Clark's motion to reconsider.

---

[1] ECF No. 10.

[2] ECF No. 5.

[3] ECF No. 8.

[4] ECF No. 4.

**BACKGROUND**

Ms. Clark's complaint names as Defendants Housing Connect, Jefferson School

Apartments ("Jefferson School"), Housing Authority of Salt Lake City ("Housing Authority"),

and Real Property Management ("Real Property") (collectively, "Defendants").[5] Ms. Clark's

complaint contains the following allegations in support of her claims:

> [Defendants] have harassed, bullied, intimidated me, threatened me, attempted to evict me multiple times on bogus charges, perjuring themselves in court to do so, refused maintenance, nearly destroyed my live-in aide, interfered with and reversed my mental health recovery by more than 9 years, prevented me from working/obtaining new employment, aggravated my symptoms, caused me to nearly take my life on numerous occasions, withheld rent, withheld maintenance, used my disabilities to set me up for failure/in an attempt to evict me, spread rumors and gossip amongst other tenants, shared my mental health diagnosis with other tenants, called me names, interfered with my HUD investigation, created a hostile and dangerous living environment, refused to grant reasonable accommodations recommended by my doctors, some were eventually granted but severely delayed so as to render them virtually denied, all that have been granted are no longer being honored since the HUD investigation began a few years ago. Denied a lower level apartment for more than a year while it sat available, refused to provide me with policies or clarifica[tion] on policies in terms I could understand.[6]

Based upon these allegations, Ms. Clark asserts causes of action for discrimination, retaliation,

bullying, harassment, personal injury, intimidation, privacy violations, and "FHA/ADA/504

violations," purportedly under 42 U.S.C. § 1983.[7]

---

[5] ECF No. 5 at 2.

[6] ECF No. 5 at 4.

[7] ECF No. 5 at 3.

**LEGAL STANDARDS**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[8] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[10] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[11]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[12] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] "Threadbare

---

[8] 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[10] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[12] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."[14] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on

notice of the basis for the claims against it.[15] Indeed, the twin purposes of a complaint are to give

the opposing party that notice so that it may respond and to allow the court to conclude that the

allegations, if proven, show that the plaintiff is entitled to relief.[16]

      In analyzing Ms. Clark's complaint, the court is mindful that she is proceeding pro se and

that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of

the district court to assume the role of advocate for the pro se litigant."[18] Consequently, the court

"will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that

assumes facts that have not been pleaded."[19] Indeed, as the United States Court of Appeals for

the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve
> the plaintiff of the burden of alleging sufficient facts on which a
> recognized legal claim could be based. . . . [C]onclusory allegations
> without supporting factual averments are insufficient to state a claim
> on which relief can be based. This is so because a pro se plaintiff
> requires no special legal training to recount the facts surrounding his
> alleged injury, and [she] must provide such facts if the court is to
> determine whether [she] makes out a claim on which relief can be

---

[14] *Id.*

[15] *Twombly*, 550 U.S. at 555.

[16] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110.

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[20]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[21]

## ANALYSIS

### I.   Review of Ms. Clark's Complaint Under the IFP Statute

The court orders Ms. Clark to file a motion for leave to amend her complaint for two reasons: (A) Ms. Clark fails to state a claim under § 1983 and (B) Ms. Clark fails to state a claim under the Fair Housing Act, Americans with Disabilities Act, or Section 504 of the Rehabilitation Act of 1973. After addressing those two issues, the court discusses in (C) that because Ms. Clark might be to cure the issues identified in her complaint through an amendment, the court affords her the opportunity to do so.

### A.   Ms. Clark Fails to State a Claim Under § 1983.

Ms. Clark fails to state a claim under § 1983 because she has not demonstrated that (1) Housing Connect, Jefferson School, and Real Property were acting under color of state law or that (2) Housing Authority deprived Ms. Clark of a federally protected right. Each issue is discussed in turn.

---

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[21] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

1.   <u>Ms. Clark Fails to Show that Defendants Were Acting Under Color of State Law.</u>

Ms. Clark's complaint fails to allege facts that lead to a plausible claim that Defendants acted under the color of law. To state a § 1983 claim, a plaintiff must show that she was injured as a result of state action[22] because private conduct, "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim.[23] Ms. Clark complains of private action.

Ms. Clark has not demonstrated that Housing Connect, Jefferson School, and Real Property were acting under color of state law. These Defendants appear to be private actors, not state actors, and are therefore not suable under § 1983.

Even so, the Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case."[24] Thus, a private party *may* be considered a state actor if (1) there is a sufficiently close nexus between the government and the challenged conduct; (2) the state has so far insinuated itself into a position of interdependence with a private party; (3) a private party is a willing participant with the state or its agents; and (4) the state delegates to the private party a traditional government function.[25] At this stage, Ms. Clark has not pled any facts demonstrating that these Defendants' actions are significantly intertwined with the state such that their acts can reasonably said to be acts of the government. Indeed, the relationship between the Defendants remains unclear. Thus, Ms. Clark has not stated a claim for relief under § 1983.

---

[22] *Lugar v. Edmonson Oil Co., Inc.* 457 U.S. 922, 935 (1982).

[23] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations and citation omitted).

[24] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

[25] *Read v. Klein*, 1 Fed. App'x 866, 870-71 (10th Cir. 2001).

### 2.   Ms. Clark Has Failed to Adequately Plead a Violation of Federal Law.

Assuming that Housing Authority is suable under § 1983, Ms. Clark's complaint is devoid of specific factual allegations regarding how Housing Authority violated her federal rights. Ms. Clark has not tied any of her allegations to a specific Defendant because she refers to all "Plaintiffs"—when the court assumes she means "Defendants"—in her statement of the facts underlying her claims.[26] Even if the court presumes the correct party designation, her manner of pleading fails to comport with Rule 8 because it does not provide fair notice to Housing Authority of the nature and grounds of Ms. Clark's claims against Housing Authority specifically. Additionally, Ms. Clark has failed to allege that any of her claims relate to the violation of a federally protected right. For example, although Ms. Clark describes Defendants' treatment of her as "discrimination" she does not offer any facts suggesting that Defendants treated her differently because of her membership in a protected class. Furthermore, Ms. Clark has not demonstrated that protection from "retaliation," "bullying," "harassment," "personal injury," "intimidation," and "privacy violations" are rights secured by the Constitution or other federal laws. For these reasons, Ms. Clark's complaint fails to state a claim under § 1983 against any Defendant.

---

[26] ECF No. 5 at 4.

B.  Ms. Clark Fails to State a Claim Under the Fair Housing Act, Americans with
Disability Act, or Section 504 of the Rehabilitation Act of 1973.

Ms. Clark also fails to state a claim under the Fair Housing Act ("FHA"),[27] the

Americans with Disabilities Act ("ADA"),[28] or Section 504 of the Rehabilitation Act of 1973

("Rehabilitation Act").[29] Ms. Clark claims that Defendants committed "FHA/ADA/504

violations," purportedly under § 1983.[30] The court liberally construes this as an allegation that

Defendants deprived Ms. Clark of her rights under the FHA, ADA, and the Rehabilitation Act.

Each of these federal laws prevents discrimination against a qualified individual based on their

disability or "handicap."[31] However, Ms. Clark has failed to plead sufficient facts demonstrating

that she is disabled under any of these laws.

The ADA defines a "disability" as a physical or mental impairment that substantially

limits one or more of the major life activities of an individual, a record of such an impairment, or

being regarded as having such an impairment.[32] The Rehabilitation Act and FHA use the same

definition as the ADA.[33] Without more, the court cannot find that Ms. Clark plausibly: (1) suffers

from a physical or mental impairment that substantially limits one or more major life activities;

---

[27] 42 U.S.C. § 3601.

[28] 42 U.S.C. § 12132. The court liberally construes Ms. Clark's "ADA" claim as a Title II claim
under the ADA because the complaint mentions rental housing. Therefore, the court assumes that
Ms. Clark is attempting to plead a claim under Title II of the ADA (public accommodations).

[29] 29 U.S.C. § 794.

[30] ECF No. 5 at 3.

[31] "Handicap" is the word used by the FHA.

[32] 42 U.S.C. § 12101(1)(A).

[33] 29 U.S.C. § 794(d); 42 U.S.C. § 3602(h).

(2) has a record of such impairment; or (3) is regarded as having such an impairment.

Accordingly, Ms. Clark fails to state a claim under the FHA, ADA, or Rehabilitation Act.

     C.  <u>The Court Permits Ms. Clark to File for Leave to Amend Her Complaint</u>.

     Based upon the foregoing analysis, Ms. Clark has failed to state a plausible claim for relief. Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[34] Ms. Clark may be able to cure the issues identified with adequate allegations in an amended complaint. Accordingly, the court orders Ms. Clark to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by December 27, 2023. The court will then address whether Ms. Clark's proposed amended complaint states a claim for relief. If it fails to do so, this may result in a recommendation to dismiss this action.

## II.   **Ms. Clark's Motion to Reconsider is Denied**

     The court declines to reconsider its prior order denying Ms. Clark's motion to appoint counsel.[35] Ms. Clark's motion[36] implicates two legal standards. First, because it is a request that the court reconsider its earlier decision to deny Ms. Clark's motion to appoint counsel, it must satisfy the standards for a motion to reconsider. Second, the court must consider the law related to appointment of counsel in a civil case. After considering the relevant standards, the court concludes that no grounds exist for the court to reconsider its prior ruling.

---

[34] *Kay*, 500 F.3d at 1217 (internal quotations omitted).

[35] ECF No. 7.

[36] ECF No. 8.

The court declines to reconsider its prior order based in part on the law of the case doctrine. "[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[37] This doctrine is designed to promote decisional finality and prevent re-litigation of previously decided issues.[38] When law of the case doctrine applies, three narrow circumstances may warrant departure from a court's prior ruling: (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work manifest injustice.[39] A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[40]

As discussed in the court's prior order, "[t]here is no constitutional right to appointed counsel in a civil case."[41] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[42] "The appointment of counsel in a civil case is left to the sound discretion of

---

[37] *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[38] *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996).

[39] *Id.*

[40] *Arnold v. Farmers Ins. Co. of Ariz.*, 827 F.Supp.2d 1289, 1293 (D.N.M. 2011).

[41] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[42] 28 U.S.C. § 1915(e)(1).

the district court."[43] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[44] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[45]

The court previously held that Ms. Clark failed to meet her burden in her motion to appoint counsel because, among other things, her two-sentence motion presented no argument concerning the merits of her case. The court could have denied Ms. Clark's request for appointed counsel on this reason alone.[46] Additionally, however, the remaining factors did not justify appointing counsel. Indeed, the nature of the factual issues raised by Ms. Clark's claims are not complicated or difficult to explain. Further, there was no indication that Ms. Clark is unable to pursue this case adequately. And, finally, the legal issues raised by Ms. Clark's claims are not of such a complex nature that would justify appointing counsel. Therefore, the court denied Ms. Clark's motion to appoint counsel.

In her motion to reconsider, Ms. Clark has not presented any new and different evidence or intervening controlling authority that would justify reconsideration of this denial. Instead, Ms. Clark appears to contend that manifest injustice will result if the court were not to reconsider its prior order because her struggle with brain injuries and mental illness limit her ability to

---

[43] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[44] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

[45] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

[46] Furthermore, as to the merits of Ms. Clark's claims, in its review of her complaint under the IFP Statute, the court has explained that Ms. Clark has failed to state a plausible claim for relief.

represent herself in this matter.[47] Ms. Clark, however, appears to understand the issues in her case and her motion to reconsider is presented in an intelligent and capable manner that persuades the court that she can pursue her case adequately. The court once again exercises its discretion to deny Ms. Clark's request for counsel. Although Ms. Clark has not provided sufficient grounds for reconsideration on the appointment of counsel issue, in the interest of fairness, the court has granted Ms. Clark another opportunity to present the merits of her case by filing a motion for leave to file an amended complaint.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Ms. Clark is ordered file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by December 27, 2023. The words "Motion for Leave to File an Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Clark's failure to file a motion for leave to file an amended complaint may result in a recommendation to dismiss this action.

4. Ms. Clark's motion to reconsider[48] is DENIED.

---

[47] ECF No. 8 at 1.

[48] ECF No. 8.

IT IS SO ORDERED.

DATED this 29th day of November 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge