THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MIYA CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>HOUSING CONNECT; JEFFERSON SCHOOL APARTMENTS; HOUSING AUTHORITY OF SALT LAKE CITY; and REAL PROPERTY MANAGEMENT,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00773-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

       This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Ms. Clark has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] The court reviewed the sufficiency of Ms. Clark's original complaint[3] under the IFP Statute and concluded that Ms. Clark failed to state a claim on which relief can be granted.[4] Even so, the court provided Ms. Clark with an opportunity to file a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15 and DUCivR 15-1 by December 27, 2023.[5] Ms. Clark neither filed a motion to amend by this deadline or anytime thereafter, nor

---

[1] ECF No. 10.

[2] ECF No. 4.

[3] ECF No. 5.

[4] ECF No. 11 at 5-9.

[5] *Id.* at 12.

sought an extension to do so. Therefore, the court recommends that this action be dismissed with prejudice.

## BACKGROUND

Ms. Clark's complaint names as Defendants Housing Connect, Jefferson School Apartments ("Jefferson School"), Housing Authority of Salt Lake City ("Housing Authority"), and Real Property Management ("Real Property") (collectively, "Defendants").[6] Ms. Clark's complaint contains the following allegations in support of her claims:

> [Defendants] have harassed, bullied, intimidated me, threatened me, attempted to evict me multiple times on bogus charges, perjuring themselves in court to do so, refused maintenance, nearly destroyed my live-in aide, interfered with and reversed my mental health recovery by more than 9 years, prevented me from working/obtaining new employment, aggravated my symptoms, caused me to nearly take my life on numerous occasions, withheld rent, withheld maintenance, used my disabilities to set me up for failure/in an attempt to evict me, spread rumors and gossip amongst other tenants, shared my mental health diagnosis with other tenants, called me names, interfered with my HUD investigation, created a hostile and dangerous living environment, refused to grant reasonable accommodations recommended by my doctors, some were eventually granted but severely delayed so as to render them virtually denied, all that have been granted are no longer being honored since the HUD investigation began a few years ago. Denied a lower level apartment for more than a year while it sat available, refused to provide me with policies or clarifica[tion] on policies in terms I could understand.[7]

Based upon these allegations, Ms. Clark asserts causes of action for discrimination, retaliation, bullying, harassment, personal injury, intimidation, privacy violations, and "FHA/ADA/504 violations," purportedly under 42 U.S.C. § 1983.[8]

---

[6] ECF No. 5 at 2.

[7] *Id.* at 4.

[8] *Id.* at 3.

Upon review, the court concluded that Ms. Clark failed to state a claim on which relief can be granted.[9] However, the court provided Ms. Clark with an opportunity to file a motion for leave to file an amended complaint.[10] The court warned Ms. Clark that failure to file such a motion could result in a recommendation to dismiss this action.[11] Ms. Clark did not file a motion to amend by the deadline set in the court's order or anytime thereafter.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[12] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[13] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[14] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[15]

---

[9] ECF No. 11 at 5-9.

[10] *Id.* at 12.

[11] *Id.*

[12] 28 U.S.C. § 1915(e)(2)(B)(ii).

[13] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[14] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Kay,* 500 F.3d at 1218 (quoting *Twombly,* 550 U.S. at 555-56) (alterations in original).

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[16] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[19] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[20]

In analyzing Ms. Clark's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[22] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that

---

[16] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[18] *Id.*

[19] *Twombly*, 550 U.S. at 555.

[20] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[22] *Bellmon*, 935 F.2d at 1110.

assumes facts that have not been pleaded."[23] Indeed, as the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[24]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[25]

## ANALYSIS

As explained in the court's prior order, Ms. Clark fails to state a claim on which relief can be granted. Specifically, (I) Ms. Clark fails to state a claim under § 1983 and (II) Ms. Clark fails to state a claim under the Fair Housing Act, Americans with Disabilities Act, or Section 504 of the Rehabilitation Act of 1973. After addressing those two issues, the court discusses in (III) that granting Ms. Clark with another opportunity to amend her complaint would be futile. Accordingly, the court recommends that this action be dismissed with prejudice.

---

[23] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[24] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[25] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

I.  **Ms. Clark Fails to State a Claim Under § 1983.**

Ms. Clark fails to state a claim under § 1983 because she has not demonstrated that: (A) Housing Connect, Jefferson School, and Real Property were acting under color of state law; or (B) Housing Authority deprived Ms. Clark of a federally protected right. Each issue is discussed in turn.

A.  <u>Ms. Clark Fails to Show that Defendants Were Acting Under Color of State Law.</u>

Ms. Clark's complaint fails to allege facts that lead to a plausible claim that Defendants acted under the color of law. To state a § 1983 claim, a plaintiff must show that she was injured as a result of state action[26] because private conduct, "no matter how discriminatory or wrongful," may not be redressed by a § 1983 claim.[27] Ms. Clark complains of private action.

Ms. Clark has not demonstrated that Housing Connect, Jefferson School, and Real Property were acting under color of state law. These Defendants appear to be private actors, not state actors, and are therefore not suable under § 1983.

Even so, the Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case."[28] Thus, a private party *may* be considered a state actor if (1) there is a sufficiently close nexus between the government and the challenged conduct; (2) the state has so far insinuated itself into a position of interdependence with a private party; (3) a private party is a willing participant with the state or its agents; and (4) the state

---

[26] *Lugar v. Edmonson Oil Co., Inc.* 457 U.S. 922, 935 (1982).

[27] *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations and citation omitted).

[28] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).

delegates to the private party a traditional government function.[29] Ms. Clark has not pled any facts demonstrating that these Defendants' actions are significantly intertwined with the state such that their acts can reasonably said to be acts of the government. Indeed, the relationship between the Defendants remains unclear. Thus, Ms. Clark has not stated a claim for relief under § 1983.

  B. <u>Ms. Clark Has Failed to Adequately Plead a Violation of Federal Law.</u>

Assuming that Housing Authority is suable under § 1983, Ms. Clark's complaint is devoid of specific factual allegations regarding how Housing Authority violated her federal rights. Ms. Clark has not tied any of her allegations to a specific Defendant because she refers to all "Plaintiffs"—and the court assumes she means "Defendants"—in her statement of the facts underlying her claims.[30] Even if the court presumes the correct party designation, her manner of pleading fails to comport with Rule 8 because it does not provide fair notice to Housing Authority of the nature and grounds of Ms. Clark's claims against Housing Authority specifically. Additionally, Ms. Clark has failed to allege that any of her claims relate to the violation of a federally protected right. For example, although Ms. Clark describes Defendants' treatment of her as "discrimination" she does not offer any facts suggesting that Defendants treated her differently because of her membership in a protected class. Furthermore, Ms. Clark has not demonstrated that protection from "retaliation," "bullying," "harassment," "personal injury," "intimidation," and "privacy violations" are rights secured by the Constitution or other

---

[29] *Read v. Klein*, 1 Fed. App'x 866, 870-71 (10th Cir. 2001).

[30] ECF No. 5 at 4.

federal laws. For these reasons, Ms. Clark's complaint fails to state a claim under § 1983 against any Defendant.

### II. Ms. Clark Fails to State a Claim Under the Fair Housing Act, Americans with Disability Act, or Section 504 of the Rehabilitation Act of 1973.

Ms. Clark also fails to state a claim under the Fair Housing Act ("FHA"),[31] the Americans with Disabilities Act ("ADA"),[32] or Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act").[33] Ms. Clark claims that Defendants committed "FHA/ADA/504 violations," purportedly under § 1983.[34] The court liberally construes this as an allegation that Defendants deprived Ms. Clark of her rights under the FHA, ADA, and the Rehabilitation Act. Each of these federal laws prevents discrimination against a qualified individual based on their disability or "handicap."[35] However, Ms. Clark has failed to plead sufficient facts demonstrating that she is disabled under any of these laws.

The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment.[36] The Rehabilitation Act and FHA use the same definition as the ADA.[37] Without more, the court cannot find that Ms. Clark plausibly: (1) suffers

---

[31] 42 U.S.C. § 3601.

[32] 42 U.S.C. § 12132. The court liberally construes Ms. Clark's "ADA" claim as a Title II claim under the ADA because the complaint mentions rental housing. Therefore, the court assumes that Ms. Clark is attempting to plead a claim under Title II of the ADA (public accommodations).

[33] 29 U.S.C. § 794.

[34] ECF No. 5 at 3.

[35] "Handicap" is the word used by the FHA.

[36] 42 U.S.C. § 12101(1)(A).

[37] 29 U.S.C. § 794(d); 42 U.S.C. § 3602(h).

from a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. Accordingly, Ms. Clark fails to state a claim under the FHA, ADA, or Rehabilitation Act.

### III. Granting Ms. Clark Another Opportunity to Amend Her Complaint Would Be Futile.

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[38] In the court's order to amend—which reviewed the sufficiency of Ms. Clark's original complaint under the authority of the IFP Statute—the court concluded that Ms. Clark had failed to state a claim.[39] The court provided Ms. Clark an opportunity to correct the deficiencies in her complaint by filing a motion for leave to amend her complaint and noted that failure to file such a motion could result in an recommendation to dismiss this action.[40] Because the court provided Ms. Clark an opportunity to amend her complaint, but she failed to do so by the deadline or anytime thereafter, providing her with another chance would be futile. Therefore, the court recommends that this action be dismissed with prejudice.

---

[38] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

[39] ECF No. 11 at 5-9.

[40] *Id.* at 12.

### CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[41] The parties must file any objections to this Report and Recommendation within fourteen days after being served with a copy of it.[42] Failure to object may constitute waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 8th day of January 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[41] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[42] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).